IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN E. MICK, | |
| Petitioner, | **8:17CV82** |
| vs. | |
| GARY B. RANDALL, District Judge; | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on initial review of Petitioner Steven E. Mick's ("Mick") Petition for Writ of Habeas Corpus ("petition") filed pursuant to 28 U.S.C. § 2241. (Filing No. 1.) For the reasons discussed below, the court will dismiss Mick's petition without prejudice.

## I. BACKGROUND

Mick is a state pretrial detainee being held at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska. Condensed and summarized, Mick asserts in his petition that staff at DCCC have denied him medical care for his various ailments. Mick asks the court to order his immediate release or to make DCCC pay for and arrange for him to see a foot specialist immediately. (Filing No. 1.)

## II. DISCUSSION

Mick's grounds for relief do not affect the fact or duration of his pretrial detention. Mick is not challenging the legality of his pretrial detention. In addition, favorable resolution of his claims would not automatically entitle him to release from custody. Accordingly, "his claims fall outside the core of habeas corpus [and] are not cognizable under the guise of a § 2241 petition." *Gould v. W.C.C.C.*, No.

4:14-cv-019, 2014 WL 940720, at *1 (D.N.D. Mar. 11, 2014) (collecting cases). Because Mick seeks to remedy the conditions of his confinement, he must present his claims in an action brought pursuant to 42 U.S.C. § 1983, not as an action for habeas corpus relief. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

The court has considered whether it would be appropriate to construe Mick's petition as a civil action brought pursuant to § 1983 or re-characterize the petition as one brought pursuant to § 1983. The court has determined that doing so would be inappropriate because it would border on advocacy, *see Richards v. Bellmon*, 941 F.2d 1015, 1019 n. 3 (10th Cir. 1991), and it would enable Mick to "circumvent the significantly higher fee required to file a civil rights complaint," *see Barber v. Whetsel*, No. CIV-14-455-D, 2014 WL 3670211, at *3 (W.D.Okla. July 22, 2014). Further, Mick is familiar with a civil action brought pursuant to § 1983, as he recently filed such an action against DCCC and a corrections officer employed at DCCC in *Mick v. Wade, et al.*, 8:17CV147 (D. Neb. April 28, 2017). Because it "plainly appears from the petition . . . that [Mick] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the court will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

### III.  CERTIFICATE OF APPEALABILITY

Although Mick petitioned for relief under 28 U.S.C. § 2241, as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254 and therefore must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Mick is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of Mick's Petition for Writ of Habeas Corpus (Filing No. 1), the court determines that Mick's claims are not cognizable in a federal court habeas corpus action. Mick's petition is dismissed without prejudice to reassertion in accordance with this memorandum and order. The court will not issue a certificate of appealability in this matter.

2.     The court will enter judgment by separate document.

Dated this 4th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.